UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MARTIN HODGE,

        Petitioner,

  -v-                                                No.  13 Civ. 1977 (LTS)(JCF)

PATRICK GRIFFIN,

        Respondent.

-----------------------------------------------------------x

<u>MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION</u>

Magistrate Judge James Francis has issued a Report and Recommendation (docket entry no. 19, "the Report") regarding the petition of Martin Hodge ("Petitioner") for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 (the "Petition").  Petitioner challenges the June 8, 2010, and August 10, 2010, decisions of the New York State Division of Parole (the "Board"), denying Petitioner's applications for release on parole supervision.  The Report recommends that the Petition be denied.

Petitioner timely objected to the Report.  (Docket entry no. 31, the "Objection"). The Court has reviewed the Objection thoroughly.  The relevant facts are set forth in the Report. In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.S. § 636(b)(1) (LexisNexis 2012).  In order to accept those portions of the Report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  <u>Carlson v. Dep't of Justice</u>, No. 10 Civ. 5149, 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation and quotation marks omitted).  Where specific objections are

made, a court must make a de novo determination as to those aspects of the report.  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  "When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error."  Kozlow v. Horn, No. 09 Civ. 6597 (LTS)(RLE), 2012 WL 2914338, at *1 (S.D.N.Y. July 17, 2012) (citing Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y. 1992) (court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings)).  Any objections must be both specific and clearly aimed at particular findings by the magistrate judge so that no party is allowed a "second bite at the apple" by simply relitigating a prior argument.  Camardo, 806 F. Supp. at 382 (citation omitted).

       The Court has reviewed, thoroughly and de novo, Petitioner's arguments and objections relating to his claims of improper consideration of dismissed and/or sealed criminal charges and disciplinary infractions, sealed juvenile proceedings, and unreasonable determinations by the Article 78 court with respect to the same.  The Court concurs with the Report's conclusions regarding these matters.

       The Court has also reviewed and considered thoroughly, under the de novo standard, Petitioner's objections and elaborated contentions that New York has created a liberty interest in rehabilitation, that completion of rehabilitation programs triggers a right to release on parole, and that the denial of parole was violative of his due process rights.  The Court concurs in the Report's determination that Petitioner has failed to demonstrate grounds for habeas corpus relief in these respects as well, and writes briefly here to supplement the Report's analysis.

       As Petitioner acknowledges, the Constitution provides no right to rehabilitation or early release from imprisonment.  Greenholtz v. Inmates of the Nebraska Penal and Correctional

Complex, 442 U.S. 1, 8 (1979).  Any liberty interest in rehabilitation or parole protected by the Due Process Clause would thus have to find its basis in state law.  Barna v. Travis, 239 F.3d 169, 170 (2d Cir. 2001).  Petitioner's contention that New York has created a right to successful rehabilitative treatment is focused on language in provisions of New York's Correctional Law that direct the Commissioner of the correction department to establish educational programs and individualized assessment and transitional plans for inmates, and identify inmate socialization and rehabilitation as program goals.  See N.Y. Corr. Law §136 (McKinney 2003 & Supp. 2014) ("The objective of [the correctional education program] shall be the return of . . . inmates to society with a more wholesome attitude toward living. . . [; t]o this end each inmate shall be given a program of education which . . . seems most likely to further the process of socialization and rehabilitation"); id. §137(1) (Commissioner to establish program and classification procedures for study of each inmate and assignment to "a program that is likely to be useful in assisting him to refrain from future violations of the law."; id. §71-a (correction department to develop transitional accountability plan for each inmate, "to promote the rehabilitation of the inmate and their successful and productive reentry and reintegration into society upon release"); id. § 112(4) (correction commissioner and parole board to develop and implement risk assessment instrument to facilitate appropriate programming "to facilitate the successful integration of inmates into the community").  The directive language in the cited statutes relates to the existence of programs and tools, and their respective goals.  It does not mandate the achievement of such goals with respect to each and every inmate, nor is there provision in any of the statutes for a guarantee of release upon an individual inmate's successful completion of the educational programming.  Petitioner's argument that his right to rehabilitation was violated in connection with the denial of parole is thus meritless.

Petitioner's arguments based on the provisions of New York's statutes relating specifically to parole are equally unavailing. The state board of parole is empowered to determine "which inmates . . . *may* be released on parole. . ., *and when and under what conditions.*" N. Y. Exec. Law §259-c(1) (McKinney 2010) (emphasis supplied). The statute clearly confers discretion upon the parole board as to whether and, if release is granted, when to release an inmate on parole. Section 259-i of the Executive Law provides that the board's discretion to "determine *whether* [an inmate] should be paroled" is to be made in accordance with guidelines and that any denial is to be explained, with provision made for reconsideration within twenty-four months. N.Y. Exec. Law §259-i(2)(a)(i) (McKinney 2010) (emphasis supplied).

Although New York maintains a statutory program under which an inmate can earn eligibility for parole consideration by participating in an assigned "work and treatment program," the parole determinations are subject to the consideration of numerous factors, and inmates who have earned eligibility are not entitled to be released if "the Board of Parole determines that there is a reasonable probability that, if such inmate is released, he will not live and remain at liberty without violating the law and that release is not compatible with the welfare of society." N.Y. Corr. Law § 805 (McKinney 2003); N.Y. C.R.R. §§ 8002.1(b), 8002.3.[1] Furthermore, the Executive Law provides that "Discretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined but after considering if there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not

---

[1] Further factors for consideration in connection with parole release determinations are specified in regulations. See N.Y. C.R.R. § 8002.3.

incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for the law." N.Y. Exec. Law § 259-i(2)(c).  "Thus, '[i]t is apparent that New York's parole provisions . . . do not establish a scheme whereby parole shall be ordered unless specified conditions are found to exist . . . [N]o entitlement to release is created [by the parole provisions].'" Barna v. Travis, 239 F.3d at 171 (citation omitted).  "Accordingly, [petitioner has] no liberty interest in parole, and the protections of the Due Process Clause are inapplicable." Id.

Petitioner also argues, in essence, that it would violate his Due Process Clause rights to categorically deny him parole, based solely on his offense conduct, where his sentence did not deny him the opportunity for parole.  (See, e.g., Objection at 12, 20.)  This objection is likewise unavailing.  However, here the parole board did not disqualify Petitioner from consideration for parole.  As indicated in the Report, the parole board considered all requisite factors with respect to Petitioner, and it determined that "release at *this time* is incompatible with the welfare and safety of the community and would so deprecate the seriousness of the instant offense as to undermine respect for the law," directing that he be held for an additional twenty-four months.  (Report at 4-5 (emphasis supplied).)  Nothing in the board's decision indicates a permanent denial of parole consideration.

For these reasons, and for the reasons set forth in the Report, which the Court adopts in its entirety, the instant petition for a writ of habeas corpus is denied. The Clerk of Court is requested to enter judgment dismissing the petition and close the case.

SO ORDERED.

Dated: New York, New York
June 2, 2014

   /S Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Mr. Martin Hodge
86 A 8851
Sullivan Correctional Facility
325 Riverside Drive
Fallsburg, NY 12733